**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DELFON BLAIR,
Plaintiff,

vs.

HAMILTON COUNTY
JUSTICE CENTER, et al.,
Defendants.

Case No. 1:18-cv-267
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against the Hamilton County Justice Center and "multiple officers." By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action

has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges, verbatim, that on some unspecified date:

> I was being book into the justices center, I was complyent, the didn't take me threw the scanner coming in they took me to the back room, told me to strip, as I took my clothes off to squat and coff, they beging beating me badly then drug me naket to a chair, and left me there once I got to a room they skipped meals then cut off my water, I had no reason to go to that back room, it was serious personal injury 28 USCA 1915(g) cut in arm will discuss more of the serious injury court.

(Doc. 1-1 at 3). As relief, plaintiff seeks $40 million and "charges pressed on them." (*Id.* at 4).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. In order to state a viable claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir.2003). Here, plaintiff's factual allegations do not give rise to a plausible claim of federal constitutional dimension against the named defendant or unidentified "multiple officers" defendants.

First, plaintiff's complaint against the Hamilton County Justice Center is subject to dismissal because the jail is not a "person" or legal entity that can be sued under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)); *Howell v. Hamilton Cty. Justice, Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20,

3

2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Therefore, the complaint against the Hamilton County Justice Center should be dismissed.

Second, plaintiff's complaint against "multiple officers" fails to state a claim for relief because it fails to give sufficient factual details about the individuals involved or the particular actions they allegedly took to permit the Court to draw the reasonable inference that such individuals are liable for the misconduct plaintiff alleges. *Iqbal*, 556 U.S. at 678. In the caption of the fill-in-the-blank form complaint plaintiff lists the term "multiple officers" when identifying the defendants. However, plaintiff does not identify any particular officer by name, place of employment, or jurisdiction, or provide any other identifying information to give the potential defendant fair notice of his or her identity or any claims against him or her in an individual capacity. In the body of the complaint, plaintiff alleges vaguely that "they" beat him, placed him on a chair, and deprived him of "meals" and "water." Plaintiff does not allege the date or the time any alleged beating or other deprivations occurred to indicate whether such actions occurred within the appropriate two-year statute of limitations that governs § 1983 actions, *see Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); he does not allege the number of individuals allegedly involved in the deprivations or their positions within the jail; he does not state the type of injuries he allegedly sustained from the "beating" aside from a "cut" in his arm; and he does not allege any facts from which the Court could conclude that any particular individual had the subjective intent to violate plaintiff's constitutional rights. Plaintiff is required to give fair notice of a claim for relief and cite the grounds upon which it rests. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. Plaintiff's vague and general allegations amount to nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiff's complaint against "multiple defendants" does not provide adequate notice to any individual that a claim has been asserted against them, and the complaint should therefore be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/27/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
Plaintiff,

vs.

HAMILTON COUNTY
JUSTICE CENTER, et al.,
Defendants.

Case No. 1:18-cv-267
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).